IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Robert Lee Johnson, | ) |
|     Plaintiff, | ) **ORDER OF DISMISSAL** |
| vs. | ) |
| Dr John Hagen M.D. Department of Correction physician of the DOC&R, | ) Case No. 1:22-cv-142 |
|     Defendant. | ) |

Previously, the court issued an order which it (1) dismissed Plaintiff Robert Lee Johnson's ("Johnson") official capacity claim against the defendant, Dr. Hagen pursuant to 28 U.S.C. § 1915A, and (2) gave Johnson until September 26, 2022, to either show cause why his individual capacity claim against Dr. Hagen should not be dismissed or file an amended complaint. (Id.).

On September 9, 2022, Johnson filed a supplement to his complaint. Having now reviewed the supplement and finding that it does not adequately address the issues that it had previously identified, the court dismissed what remains of Johnson's complaint without prejudice for failure to state a cognizable claim.

## I.    PROCEDURAL HISTORY

Johnson is an inmate at the James River Correctional Center in Jamestown, North Dakota. (Doc. No. 1). Johnson initiated the above-captioned § 1983 action pro se and in forma pauperis with the submission a fifteen-page handwritten complaint. (Doc. Nos. 1, 7). Johnson was endeavoring to sue Dr. John Hagen, a physician employed by the North Dakota Department of Corrections and Rehabilitation, in his individual and official capacities for, as best as the court could discern, his

1

alleged deliberate indifference to Johnson's pain complaints by twice denying staff permission to transport Johnson to the emergency room in June 2022.

The court screened Johnson's complaint pursuant to 28 U.S.C. § 1915A and on September 6, 2022, issued an order of partial dismissal and to show cause. (Doc. No. 9). Therein, the court dismissed Johnson's official capacity claim against Dr. Hagen. The court further determined that Johnson's pleadings were devoid of any cognizable claim individual capacity claim against Dr. Hagen. (Id.). Rather than dismiss this claim outright, it afforded Johnson an opportunity to either articulate why he should be allowed to proceed this claim as pleaded or to file an amended complaint. (Id.).

On September 9, 2022, Johnson filed a supplement to his complaint. (Doc. No. 10). The court construes this supplement as Johnson's response to its order to show cause.

## II.   STANDARD GOVERNING REVIEW

The standard governing the court's review of Johnson's claim is set forth in the court's September 6, 2022, order. (Doc. No. 9).

## III.   DISCUSSION

### A.   Stated Basis for Johnson's Claim

The following is taken from Johnson's complaint and is presumed to be true for the purposes of this order. Johnson presented to JRCC staff on June 3, 2022, with complaints that he was having trouble breathing. (Doc. No. 7, p. 4). A nurse on duty took his vitals and reported back that they were "good." (Id.). The following day he presented to JRCC staff multiple times with complaints that his left shoulder was "popping" and that he otherwise felt great discomfort in his left shoulder. (Id. at pp. 4-5). JRCC staff twice sought authorization from Dr. Hagen to transport him to the

2

emergency room but were denied each time. (Id. at. pp. 5-6). Consequently, JRCC endeavored to address his complaints on site, giving him over-the counter analgesics and allowing him to spend the night in the infirmary. (Id.). On June 7, 2022, his left should was x-rayed. (Id. at p. 9-10). That same day the JRCC's Warden denied his request to be transported to the emergency room. (Id. at p. 10). On June 10, 2022, he was advised by JRCC staff of the "good news" – that the results of his x-rays revealed no fractures or misalignments but rather mild arthritis in his left AC joint – and referred for physical therapy. (Id. at p. 11). He was subsequently referred to an orthopedic surgeon. (Id. at pp. 4, 14). His physical therapist apparently now suspects that his AC joint in his left should may be torn or ripped. (Id. at p. 14).

In a supplement filed on September 9, 2022, Johnson makes the following additional assertions regarding his treatment alleged lack thereof for his left shoulder issues:

> I have received additional evidence in my favor from the North Dakota Dept nurse here at James River Correctional Center here in Jamestown North Dakota her name is Stephanie Inscore she is a Lpn here at JRCC She has notified me that the Department of Corrections has lied on a document. Stating that I have no future appointments to see a orthopedic surgeon for my left shoulder injury that occurred on June 3rd 2022 from playing flag football in the yard at JRCC In a grievance response form the grievance officer they stated I was scheduled to see a orthopedic surgeon for my shoulder injury which turned out to be a big lie I feel my lawsuit should be accepted and the Dept. of Corrections Doctor should be terminated from his position who is Dr. John Hagen M.D. and I be entitled to the jury demand of $50,000,000 dollars in damages due to there neglect they caused me due to my shoulder injury that never got looked at by a orthopedic doctor . . . . This is proof that the DOC&R physician Dr. John Hagen showed deliberate indifference of pain by not allowing me to see a doctor . . . .

(Doc. No. 10) (errors in original). Attached to the supplement is a "DOCR Administrative Note" dated August 10, 2022, in which Nurse Inscore responds as follows to a "Kite" from Johnson: "Robert, you do not have any follow-up appointments scheduled for your should but you do have an upcoming knee appointment." (Doc. No. 10-1).

**B.     Analysis**

A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003) (quoting Estelle, 429 U.S. at 106). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. More specifically, a prisoner must allege " '(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir.2000) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997)); see also Garner v. Walker, No. 4:21-CV-0004 JAR, 2022 WL 110590, at *7 (E.D. Mo. Jan. 12, 2022)

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir.1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir.1995)). To demonstrate deliberate indifference, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" Jolly, 205 F.3d at 1096 (quoting Estate of Rosenberg by Rosenberg v. Crandell, 56 F .3d 35, 37 (8th Cir.1995)); see also Garner v. Walker, No. 4:21-CV-0004 JAR, 2022 WL 110590, at *7 (E.D. Mo. Jan. 12, 2022) (finding allegations of negligence or disagreements with treatment decisions insufficient to support a claim on initial review for deliberate indifference to serious medical needs).

Here, Johnson's own narrative of events serves to undermine his claim of deliberate indifference. Johnson complains that, over the course of several hours on June 4, 2022, Dr. Hagen

twice denied JRCC staff permission to transport him to the emergency room. In the course of asserting this complaint, he acknowledges that he was examined by medical staff at the JRCC multiple times on the day in question and in the days that followed, was at least initially given analgesics to address his pain complaints, was allowed to spend one night in the infirmary, had x-rays taken days later of his shoulder, was thereafter scheduled for physical therapy and was subsequently referred to an orthopedic surgeon. In his supplement, he asserts that, while referred to an orthopedic surgeon, no follow up appointments were scheduled as evinced by the "DOCR Administrative Note." Notably, this administrative notes indicate that he had upcoming appointments for his knee, which tends to undermine his general assertion regarding a lack of care or access to care.

The focus of Johnson's complaint from the outset has been Dr. Hagen's disregard of his pain complaints and failure to authorize his transport to the emergency room in June 2022. Notably, there is nothing in Johnson's complaint or supplement to it to suggest to that Dr. Hagen had any direct involvement in Johnson's care much less denied, delayed, or otherwise interfered with it. It is also telling that, in his prayer for relief, he characterizes Dr. Hagen's conduct as negligent. As noted above, mere negligence does not constitute an actionable basis for deliberate indifference claim.

The court afforded Johnson the chance to clarify or otherwise flesh out his claims. However, he has failed to advantage of this opportunity. Dr. Hagen's alleged actions or inaction in June 2022 does not constitute the basis for a cognizable claim for purposes of § 1983, particularly when considered in context of Johnson's account of what has since transpired. Consequently, what remains of Johnson's complaint is subject to dismissal.

IV.     **CONCLUSION**

Johnson's claim individual capacity claim against Dr. Hagen is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2022.

>                     */s/ Clare R. Hochhalter*
>                     Clare R. Hochhalter, Magistrate Judge
>                     United States District Court